**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0286-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DENNIS DECAMBRE,

     Defendant-Appellant.

_____

Submitted June 3, 2025 – Decided August 6, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 88-05-0731 and 89-02-0245.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Mayra S. Pais, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dennis DeCambre appeals from the August 3, 2023 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record and defendant's arguments in light of the applicable law, we affirm.

We discern the facts and the procedural history from the motion record. Defendant was born in England. In 1978, he became a permanent legal resident of the United States. Defendant briefly returned to England to attend college. After graduating, he returned to the United States and lived with his family in Plainfield.

In 1988, defendant was charged and indicted on drug-related offenses. On Indictment Number 88-05-0731, a jury convicted defendant of third-degree possession of a controlled dangerous substance (CDS) (cocaine), N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of CDS with intent to distribute (cocaine), N.J.S.A. 2C:35-5(a)(1) (count two); and third-degree possession of CDS with intent to distribute within 1,000 feet of school property (cocaine), N.J.S.A. 2C:35-7 (count three). In September 1991, counts one and two were merged with count three and defendant was sentenced to a four-year prison term with three years of parole ineligibility.

A-0286-23

On Indictment Number 89-02-0245, defendant pleaded guilty to third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1). In March 1990, he was sentenced to a four-year prison term to run concurrent to his prior sentence.

Defendant appealed from his convictions and sentence under Indictment Number 88-05-0731. While the appeal was pending, on October 4, 1991, defendant timely filed a self-represented PCR petition. He argued that his sentence was illegal, the charges should have been merged, and hearsay testimony should have been excluded. In the petition, defendant acknowledged that a direct appeal was pending and provided both the name of his appellate counsel and the appellate docket number. Due to the age of this petition, the record does not reveal the disposition of defendant's PCR petition.

We reversed defendant's convictions and remanded the matter for a new trial. State v. DeCambre, No. A-4597-89 (App. Div. June 18, 1992). On remand, defendant pleaded guilty to third-degree possession of cocaine with intent to distribute within 1,000 feet of school property. The amended judgment of conviction dated July 21, 1992, states that defendant's sentence under Indictment Number 89-02-0245 was vacated, and he was resentenced to time served. The amended judgment for Indictment Number 88-05-0731, entered the

3

same day, similarly states defendant was likewise resentenced to time served and that the remaining counts were dismissed.

In 2013, defendant was detained by Immigration and Customs Enforcement and subsequently deported to England. He has remained in England, unable to obtain a United States visa because of his felony drug conviction.

On February 11, 2023, more than thirty years after the entry of his guilty plea, defendant filed a second PCR petition. Following argument on defendant's petition, Judge Stacey K. Boretz, J.S.C. issued an August 3, 2023 order and accompanying written decision, denying defendant's second PCR petition and request for an evidentiary hearing. In her comprehensive decision, Judge Boretz analyzed defendant's arguments in light of the well-established law. Citing Rule 3:22-12(a)(1)(A) and the governing law, the judge found defendant's petition was time-barred. The judge rejected defendant's argument that he was unaware of the availability of the post-conviction relief until late 2022, concluding that argument was insufficient to establish excusable neglect to relax the five-year time bar.

Judge Boretz also addressed defendant's substantive argument and further concluded that defendant failed to establish a prima facie claim of ineffective

assistance of counsel under the two-prong test articulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 685-87 (1984) and <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> test in New Jersey). This appeal followed.

On appeal, defendant reprises three arguments for our consideration:

    I.      [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY AFFIRMATIVELY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA.

    II.     [DEFENDANT]'S GUILTY PLEA MUST BE SET ASIDE OR THE MATTER REMANDED FOR AN EVIDENTIARY HEARING OR THE MATTER REMANDED FOR A RULING BY THE PCR COURT.

    III.   THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Having considered defendant's reprised arguments in view of the applicable law, we conclude they lack sufficient merit to warrant extended

A-0286-23

discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons stated in the cogent decision by Judge Boretz.  We add only the following comments.

Our review of a PCR claim when a court has not held an evidentiary hearing is de novo.  State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).  A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion.  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

The record reveals this is defendant's second PCR petition.  Under Rule 3:22-12(a)(2)(B), a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, or "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first … application for [PCR]."  Additionally, a subsequent PCR petition must be dismissed unless it complies with Rule 3:22-12(a)(2), and pleads, on its face, one of the three criteria under Rule 3:22-12(a)(2).  State v. Jackson, 454 N.J. Super. 284, 292-94 (App. Div. 2018); R. 3:22-4(b).

Here, it is evident that defendant's second PCR petition was filed well beyond the time limits prescribed by the Rule.  Nor does defendant's PCR

petition satisfy the requirements of Rule 3:22-12(a)(2)(B) because he does not rely on a newly recognized cognizable constitutional right or a factual predicate that could not have been discovered earlier through reasonable diligence. See State v. Murray, 162 N.J. 240, 246 (2000). We conclude Judge Boretz appropriately dismissed defendant's second PCR petition as untimely under Rules 3:22-12(a)(2) and 3:22-4(b).

Even if the PCR petition under review is considered defendant's first petition—if dismissed without prejudice while the direct appeal was pending and filed more than five years after entry of the judgment of convictions—we are satisfied Judge Boretz exercised her "independent, non-delegable duty to question the timeliness of the petition[.]" State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018); R. 3:22-12(a)(3). Defendant failed to "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions[.]" Ibid. Although contradicted by the record, defendant cannot now rely on ignorance of the law to establish excusable neglect under Rule 3:22-12(a). See Murray, 162 N.J. at 246; Brown, 455 N.J. Super. at 470-71. We therefore conclude Judge Boretz did not abuse her discretion in denying defendant's PCR petition without an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992).

We likewise reject defendant's contention, raised for the first time on appeal, that his guilty plea must be set aside nearly thirty-one years after the plea hearing. The prejudice to the State resulting from the significant delay caused by defendant's untimely request to vacate his guilty plea is apparent on its face. See State v. Slater, 198 N.J. 145, 157-58 (2009) (enumerating four factors trial courts should apply in reviewing motions to withdraw a guilty plea, including whether withdrawal of the plea "would result in unfair prejudice to the State . . . ").

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0286-23